IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>10 S. Howard Street<br>Third Floor<br>Baltimore, MD 21218<br><br>Plaintiff,<br><br>v.<br><br>HUB LABELS, INC.<br>18223 Shawley Drive<br>Hagerstown, MD 21740<br><br>Defendant. | )<br>)<br>)<br>)  CIVIL ACTION NO.<br>)<br>)<br>)<br>)<br>)  **COMPLAINT AND**<br>)  **JURY TRIAL DEMAND**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Clarence Stottlemyer. The Commission alleges that on April 2, 2007, Defendant Hub Labels, Inc. failed to hire Mr. Stottlemyer as a Label Catcher because of his age, 60.

JURISDICTION AND VENUE

1. The Commission invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Hub Labels, Inc. ("Defendant Hub Labels"), a Maryland corporation, has continuously been doing business in the State of Maryland and the city of Hagerstown, and has continuously had at least 20 employees.

5. At all relevant times, Defendant Hub Labels has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.      Since at least April 2, 2007, Defendant Hub Labels has engaged in unlawful employment practices at its Hagerstown, Maryland facility, in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a). The practices include failing to hire Clarence Stottlemyer as a Label Catcher because of his age, 60.

8.      The effect of the practices complained of in paragraph 7 above has been to deprive Clarence Stottlemyer of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

9.      The unlawful employment practices complained of in paragraph 7 above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Hub Labels from denying employment of individuals on the basis of age and engaging in any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B.      Order Defendant Hub Labels to institute and carry out training programs which shall promote equal employment opportunity to individuals on the basis of age concerning individuals 40 years of age and older.

C.      Order Defendant Hub Labels to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

D. Grant a judgment requiring Defendant Hub Labels to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Clarence Stottlemyer.

E. Order Defendant Hub Labels to make whole Clarence Stottlemyer by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to instatement and/or provide front pay where appropriate.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Jacqueline McNair by DML*

JACQUELINE MCNAIR
Regional Attorney

*/s/ Debra M. Lawrence*

DEBRA M. LAWRENCE
Supervisory Trial Attorney

*/s/ John Henderson*

JOHN HENDERSON
Trial Attorney
Federal Bar No. 28419
UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
Phone: (410) 209-2246
Fax: (410) 962-4270